**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

NOLEN L. MANNING,

          Plaintiff,

v.

DARDEN RESTAURANTS, INC. and
GMRI, INC. d/b/a CHEDDAR'S SCRATCH
KITCHEN,

          Defendants.

CAUSE NO.: 4:25-CV-6-TLS-JEM

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72-1 [ECF No. 56], filed by Magistrate Judge John E. Martin on May 13, 2026.

On February 4, 2026, counsel for the Plaintiff moved to withdraw, including the contact information for the Plaintiff and a representation that counsel had informed the Plaintiff of the intent to withdraw by several methods of communication. The motion was granted on February 5, 2026, and the Court set this matter for a telephonic hearing on the status of the Plaintiff's representation after his counsel withdrew. The hearing was set for March 12, 2026, and the parties, including the Plaintiff Nolen L. Manning, *pro se*, were ordered to appear telephonically. The Plaintiff failed to appear without explanation, and an order to show cause was issued. The Plaintiff also failed to appear at the May 13, 2026 show cause hearing. Certified mail sent to the Plaintiff's address was returned unclaimed.

In the Report and Recommendation, Judge Martin recommends that the Court dismiss this case with prejudice for failure to prosecute.

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Judge Martin gave the parties notice that they had fourteen days to file objections to the Report and Recommendation. ECF No. 56. As of the date of this Order, neither party has filed an objection, and the time to do so has passed.

"It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *GCIU Emp. Ret. Fund v. Chi. Trib. Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). "When dismissal is based on a failure to prosecute, a court is required to show a record of delay, contumacious conduct, or that lesser sanctions proved unavailable, as well as the prejudice that the delay caused the defendant." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020) (citation omitted). The Court finds no clear error in the Magistrate Judge's recommendation of dismissal for failure to prosecute given the Plaintiff's repeated failure to appear as ordered by the Court and the prejudice to the Defendants in continuing to defend against a case the Plaintiff has abandoned.

**CONCLUSION**

Therefore, the Court ACCEPTS, IN WHOLE, the Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72-1 [ECF No. 56] and ORDERS that the Plaintiff's Complaint is DISMISSED with prejudice.

SO ORDERED on June 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT